**Hearing Date:  January 10, 2017**
**Time:  10:00 a.m.**

ROSEN & ASSOCIATES, P.C.
Attorneys for the Debtor
  and Debtor in Possession
747 Third Avenue
New York, NY 10017-2803
(212) 223-1100
Nancy L. Kourland

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x

In re                                                                          Chapter 11

Ybrant Media Acquisition, Inc.,                                Case No. 16-10597 (SMB)

                              Debtor.
-----------------------------------------------------------x

### APPLICATION OF ROSEN & ASSOCIATES, P.C., ATTORNEYS FOR THE DEBTOR, FOR A FIRST INTERIM ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

            Rosen & Associates, P.C. ("**Applicant**"), attorneys for Ybrant Media Acquisition,

Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), as and for its

application for a first interim allowance of compensation for professional services rendered and

reimbursement of expenses incurred (the "**Application**"), respectfully represents:

### JURISDICTION AND VENUE

            1.            This Court has jurisdiction to consider this Application pursuant to 28

U.S.C. §§ 157 and 1334.  Consideration of this Application is a core proceeding pursuant to 28

U.S.C. § 157(b)(2)(A).  Venue of this proceeding is proper in this district pursuant to 28 U.S.C.

§§ 1408 and 1409.

## BACKGROUND

2.       On March 14, 2016 (the "**Petition Date**"), the Debtor commenced in this Court a voluntary case under chapter 11 of the Bankruptcy Code.

3.       Since the Petition Date, the Debtor has continued to operate its business and manage its property as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.       To date, no committee, trustee, or examiner has been appointed.

5.       The Debtor was incorporated in 2007 and is a wholly-owned subsidiary of Ybrant Digital Limited ("**Ybrant Digital**"), a leading global digital marketing company organized under the laws of India, whose shares are publicly traded on the Bombay Stock Exchange and the National Stock Exchange of India.  The Debtor was created for the purpose of purchasing and managing the assets of internet and media-related businesses.

6.       Pursuant to a stock purchase agreement dated August 15, 2010 by and between the Debtor and Daum Global Holdings Corp. ("**Daum**"), a South Korean corporation, the Debtor agreed to purchase from Daum 100% of the issued and outstanding shares of capital stock of Lycos, Inc. ("**Lycos**"), a well-known search engine and web portal.  The exact purchase price was to be determined after the close of Lycos' 2010 fiscal year and calculated as six times Lycos' 2010 EBITDA (the "**Earnout Amount**"), less $20,000,000, which was paid at closing.

7.       The parties were unable to reach an agreement regarding the Earnout Amount and Daum initiated a request for arbitration with the Secretariat of the ICC International Court of Arbitration on January 3, 2012.  Daum asserted that it was entitled to $33,623,583 as the Earnout Amount, not $17,200,000 as the Debtor had maintained.

2

8.      Thereafter, the ICC International Court of Arbitration issued its Final Award,[1] pursuant to which it awarded Daum $33,547,883 (the "**Award**") as the Earnout Amount, as well as interest on the undisputed $17,200,000 from September 7, 2011 and interest on $16,300,000 million from October 9, 2014.  It also awarded Daum its legal fees in the amount of $905,731 and certain of its costs associated with the arbitration, together with interest thereon, in the amount of $855,000.

9.      Daum subsequently commenced an action in the United States District Court for the Southern District of New York (the "**District Court**"), No. 13 cv 3135, against the Debtor and Ybrant Digital, which had guaranteed the Debtor's obligation to pay Daum the Earnout Amount, to confirm the Award pursuant to New York Convention on Recognition and Enforcement of Foreign Arbitral Awards and 9 U.S.C. § 207 and the District Court entered a judgment against the Debtor in the amount of  $36,603,744.38 on May 6, 2015.

10.     On January 25, 2016, Daum moved in the District Court to appoint itself as receiver, pursuant to NY CPLR § 5228, of the Debtor's ownership interest in Lycos. Although the Debtor and Daum began settlement negotiations after Daum filed its motion, they had not completed such negotiations prior to the March 14, 2016 return date.

11.     Consequently, the Debtor commenced its chapter 11 case to enable it to continue negotiating the terms of a settlement agreement with Daum and complete a capital raise through debt and/or equity financing with the assistance of Ybrant Digital, in order to fund a consensual plan of reorganization incorporating such settlement.

## THE RETENTION OF APPLICANT

12.     Pursuant to an order of this Court dated May 3, 2016, the Debtor was

---

[1] Daum also sought and was granted two (2) prior awards by the ICC International Court of Arbitration in the amounts of $250,000 and $177,500, respectively, representing the Debtor's share of unpaid arbitration costs.

authorized to employ Applicant as its attorneys *nunc pro tunc* to the Petition Date.  A copy of the retention order is annexed hereto as Exhibit "A."

## COMPENSATION PREVIOUSLY PAID

13.    Prior to the Petition Date, in accordance with a retention agreement dated March 4, 2016, by and among Applicant, the Debtor, and Ybrant Digital, Ybrant Digital paid Applicant $15,000 in connection with negotiating, memorializing, and consummating a settlement with Daum in the District Court Action.

14.    Pursuant to the March 4, 2016 retention agreement, the Debtor also agreed to retain Applicant to represent it as a debtor and debtor in possession in its chapter 11 proceeding in the event it was unsuccessful in settling the District Court Action prior to the March 14, 2016 return date.  Such retention, however, was subject to the execution of a separate written agreement by the Debtor and the payment of an additional retainer fee to be agreed upon and paid by a third party.

15.    After the Debtor determined that the commencement of a chapter 11 case would be in its best interests, the Debtor, Applicant, and Ybrant Digital executed a letter agreement dated March 14, 2016 that modified the March 4, 2016 retention agreement and, on March 23, 2016, Ybrant Digital paid Applicant an additional $35,000.

16.    In accordance with the retention agreement, Applicant, immediately prior to the Petition Date, applied the $15,000 retainer against its pre-Petition Date charges and expenses, which aggregated $12,942.00.  The balance of the retainer, which aggregates $37,058.00, will be applied by Applicant to such post-Petition Date allowances of compensation and reimbursement of expenses as may be granted by this Court, pursuant to an order of this Court awarding fees and expenses to Applicant.

4

17.    Pursuant to the March 14, 2016 modification letter, Ybrant Digital agreed that, in the event that this Court awards Applicant compensation and reimbursement of expenses in an amount in excess of the unearned portion of the retainer, it, and not the Debtor, will pay Applicant such additional amounts.

## THE PRESENT APPLICATION

18.    By this Application, Applicant seeks an interim allowance of fees in the amount of $77,095.00 and reimbursement of out-of-pocket expenses in the amount of $677.34 for a total of $77,772.34 for services rendered during the period March 15, 2016 through and including November 30, 2016 (the "**Application Period**").  A detailed description of the services rendered and the time expended is set forth in the schedule annexed hereto Exhibit "C."

## COMPLIANCE WITH FEE APPLICATION
## GUIDELINES AND BANKRUPTCY RULES

19.    This Application has been prepared in accordance with: (a) the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, adopted on January 30, 1996 (the "**Guidelines**"); (b) Rule 2016 of the Federal Rules of Bankruptcy Procedure; and (c) Local Rule 2016-1 of the Local Rules of Bankruptcy Procedure for the Southern District of New York.  An affirmation regarding such compliance is annexed hereto as Exhibit "B."

## FEES AND DISBURSEMENTS
## REQUESTED AND HOURLY BILLING RATES

20.    Applicant expended 149.80 hours on behalf of the Debtor during the Application Period for a total time charge of $77,095.00.  A schedule setting forth the number of hours expended in the case by each professional and the year of bar admission is annexed hereto as Exhibit "C."  A biography of each professional is annexed hereto as Exhibit "D."

21.    Applicant expended necessary, essential, and required out-of-pocket

5

disbursements in the sum of $677.34.  The disbursements are summarized in the schedule

annexed hereto as Exhibit "C."

## TIME AND EXPENSE RECORDS

22.    All of the services for which compensation is sought and the expenses for

which reimbursement is sought were rendered or expended solely on behalf of the Debtor and in

the discharge of Applicant's responsibilities as its attorneys.  Applicant's records of time and

out-of-pocket expenses incurred in the rendering of services were recorded concurrently with the

rendering of such services and the incurring of such expenses.

23.    The time records for the case, organized by project categories, are annexed

hereto and incorporated herein as Exhibit "E."  Pursuant to the Guidelines, a schedule setting

forth a description of the project categories utilized in the case appears as the first page of such

exhibit.

## DESCRIPTION OF SERVICES RENDERED

Case Administration

24.    Applicant expended 29.80 hours on case administration matters.

Applicant's case administration services included, but were not limited to, assisting the Debtor in

the preparation of its Schedules and Statement of Financial Affairs and preparing and filing a

motion to fix the last to file proofs of claim.  Applicant also rendered day-to-day legal advice

concerning transitioning to chapter 11, chapter 11 compliance issues including, but not limited

to, the review and filing of the Debtor's monthly operating reports, telephone calls and e-mails

with the Debtor to discuss strategies and the status of pending bankruptcy matters, and telephone

calls and e-mails with creditors.

25.    Applicant also appeared at the initial case conference, as well as status

conferences, on behalf of the Debtor and prepared for and appeared at the Initial Debtor

6

Interview and section 341 creditors' meeting.

Fee/Employment Applications

26.    Applicant expended 9.80 hours in connection with the Debtor's retention of Applicant.  Applicant prepared and filed the retention application, as well as a Lar Dan affidavit.

Motion to Extend Exclusivity

27.    Applicant expended 20.70 hours in connection with seeking an extension of the Debtor's time to file a plan of reorganization and related disclosure statement.

28.    Immediately prior to the Petition Date, in February 2016, Mr. Reddy provided Daum with an outline of a settlement proposal under which the Debtor would pay Daum $16 million; $2 million to be paid upon execution and $14 million would be paid out of proceeds from the sale of convertible debentures by Ybrant Digital over eighteen (18) months.

29.    Although Daum rejected this proposal soon after the Petition Date, Mr. Reddy continued to negotiate with Daum and provided Daum with a second proposal memorialized in a letter of intent dated March 31, 2016.  The letter of intent outlined the terms of a revised settlement under which the Debtor would pay Daum $16 million on account of its claim under a plan of reorganization; $5 million would be paid upon confirmation and $11 million would be paid one (1) year thereafter.  The letter of intent provided that Ybrant Digital would provide a bank guaranty for the $11 million deferred payment.

30.    Based on certain communications with Daum, Mr. Reddy believed in good faith that the terms outlined in the letter of intent were acceptable to Daum and would form the basis of a settlement agreement.  Consequently, Mr. Reddy continued to worked with two (2) Indian banks to obtain the requested international standby letter of credit.

31.    By early July 2016,  however, Ybrant Digital's negotiations with respect

7

to the international standby letter of credit were not yet complete and the Debtor learned that the process would take an additional two (2) months to finalize.

32.    Accordingly, the Debtor, assuming that it had an agreement with Daum, directed Applicant to prepare a motion for an order extending the exclusive time within which the Debtor could file a plan of reorganization and related disclosure statement.  After Daum filed an objection to the motion in which it asserted that there was, in fact, no agreement, Applicant prepared an affidavit on behalf of Mr. Reddy in further support of the motion.  Applicant also appeared at the August 4, 2016 hearing on such motion.  This Court, however, declined to grant the motion.

White Oak Financing

33.    Applicant expended approximately 5.60 hours on plan financing matters.

34.    At the same time that Mr. Reddy was working to secure the international letter of credit on behalf of Ybrant Digital, he also was in contact with Acquisto Financial Advisory LLP, a technology "deal sourcing" company based in Boston, MA and Hyderabad, India, to identify alternative sources of capital in the event that he was unsuccessful in obtaining the letter of credit.

35.    In July 2016, Acquisto approached White Oak Global Advisors, LLC ("**White Oak**"), a private lender fund located in San Francisco, CA, to solicit its interest in making a secured loan to Ybrant Digital in the amount of $200 million.  In that regard, Acquisto provided White Oak with a company overview, as well as detailed financials and, on July 22, 2016, White Oak issued an "Indication of Interest" for a senior secured financing in the amount of $250 million.

36.    At the September 27, 2016 status conference convened by this Court, Applicant informed it that Ybrant Digital soon would be signing a letter of intent with White Oak

8

and believed that the Debtor now was in a position to reach a definitive agreement with Daum as to plan treatment.

37.     Accordingly, this Court directed the Debtor to file a plan of reorganization and related disclosure statement by October 21, 2016.  It also scheduled a hearing to consider the approval of the disclosure statement for November 22, 2016.

38.     Thereafter, on October 7, 2016, Ybrant Digital and White Oak executed a "Letter of Intent" for a senior secured financing in the amount up to $150 million.

39.     During the Application Period, Applicant rendered services that included, but were not limited to, telephone calls and e-mails with Ybrant Digital and counsel for Daum. Applicant also attended a meeting with counsel with Daum and Mr. Reddy on November 15, 2016 to discuss plan financing and the treatment of Daum's claim and participated in a conference call on November 30, 2016 with Ybrant Digital, White Oak, and counsel for Daum for the purpose of demonstrating to Daum that the proposed financing was genuine.

Plan of Reorganization and Disclosure Statement

40.     Applicant expended 83.90 hours in connection with the Debtor's plan of reorganization and related disclosure statement.

41.     After Ybrant Digital and White Oak executed the Letter of Intent, Mr. Reddy attempted to contact Daum directly to negotiate an agreement as to plan treatment so that the Debtor would be in a position to file a plan of reorganization and related disclosure statement by this Court's October 21, 2016 deadline with Daum's consent.  However, Mr. Reddy was unsuccessful in his attempts to reach Daum.

42.     Accordingly, Applicant prepared and filed a motion requesting a fourteen (14) day extension of this Court's October 21, 2016 deadline (and a corresponding adjournment of the November 22, 2016 hearing on the disclosure statement) in order to complete negotiations

with Daum and propose a plan with its consent and file a related disclosure statement.  Applicant

also prepared an affidavit on behalf of Mr. Reddy in support of such motion.

43.    After Applicant filed the motion to extend the time for it to file a plan of

reorganization and related disclosure statement, Applicant prepared a plan and related disclosure

statement and directed Mr. Reddy to continue to try to reach Daum directly to negotiate an

agreement as to plan treatment.  After Mr. Reddy was unable to do so, Applicant filed a plan and

related disclosure statement on November 4, 2016 prior to the conclusion of the two (2) week

deadline extension that the Debtor was seeking.[2]  Applicant also appeared at the November 17,

2016 hearing at which this Court granted the motion.

44.    After Applicant attended the November 22, 2016 hearing convened by this

Court to consider approving the disclosure statement, Applicant revised the disclosure statement

to reflect changes requested by this Court and counsel for Daum.

## APPLICANT'S REQUEST FOR COMPENSATION

45.    Under section 330(a)(1) of the Bankruptcy Code, the court may award to a

professional person, including a debtor's attorneys,

> (A)  reasonable compensation for actual, necessary services
>       rendered by the . . . professional person . . . ; and
>
> (B)  reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).  In determining the amount of "reasonable compensation" to be awarded,

section 330(a)(3) of the Bankruptcy Code directs the court to consider several factors.  That

section provides as follows:

> (a)(3) In determining the amount of reasonable

---

[2] Applicant subsequently learned from Daum's counsel that Daum was not responsive to Mr. Reddy because Daum understood from its counsel that all negotiations on behalf of Daum would be conducted exclusively through its counsel.  However, Applicant was unaware of any restrictions precluding Mr. Reddy from contacting Daum directly.

compensation to be awarded to a . . . professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including--

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

46.    Applicant respectfully submits that the compensation requested herein is eminently reasonable.  The services rendered by Applicant were necessary and conferred substantial benefits upon the Debtor, its estate, and its creditors and, in light of (a) the complex matters addressed, (b) the quality of the services rendered, and (c) the results achieved, the compensation requested is modest and amply satisfies all of the factors to be considered by this Court under section 330(a)(3) of the Bankruptcy Code.

## <u>NO PRIOR REQUEST</u>

47.    No prior request for the relief sought in this Application has been made to this or any other Court.

WHEREFORE, Applicant respectfully requests that this Court: (i) enter an order

awarding it an interim allowance of compensation for professional services rendered in the

amount of $77,095.00 and reimbursement of expenses incurred in the amount of $677.34 for

services rendered and expenses incurred during the Application Period against which Applicant's

unearned retainer of $37,058.00 will be applied; and (ii) grant it such other and further relief as

may be just and proper.

Dated: New York, New York
       December 19, 2016

                    ROSEN & ASSOCIATES, P.C.
                    Attorneys for the Debtor and
                      Debtor in Possession

                    By: /s/ Nancy L. Kourland_____
                       Nancy L. Kourland

                    747 Third Avenue
                    New York, NY 10017-2803
                    (212) 223-1100