# EXHIBIT A

                                            **Presentment Date:  May 2, 2016**
                                                    **Time:  12:00 p.m.**

.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re                                                                                         Chapter 11

Ybrant Media Acquisition, Inc.,                                       Case No. 16-10597 (SMB)

                               Debtor.
-----------------------------------------------------------x

**ORDER AUTHORIZING THE DEBTOR AND**
**DEBTOR IN POSSESSION TO EMPLOY ROSEN &**
**ASSOCIATES, P.C. AS BANKRUPTCY COUNSEL**
**<u>*NUNC PRO TUNC*</u> <u>TO THE PETITION DATE</u>**

        Upon the application dated April 5, 2016 (the "**Application**") of Ybrant Media Acquisition, Inc., the above-captioned debtor and debtor in possession (the "**Debtor**"), for the entry of an order authorizing it to employ the law firm of Rosen & Associates, P.C. ("**Rosen & Associates**") as its attorneys, *nunc pro tunc* to March 14, 2016 (the "**Petition Date**"); and upon the affirmation of Sanford P. Rosen, Esq. dated April 5, 2016 (the "**Affirmation**"),[1] a copy of which is annexed to the Application as Exhibit "D" and submitted pursuant to sections 329 and 504 of the Bankruptcy Code and Rules 2014(a) and 2016(b) of the Federal Rules of Bankruptcy Procedure; and upon the Declaration of Suresh Reddy, Pursuant to 28 U.S.C. § 1746, in Support of the Debtor's Application for an Order Authorizing the Retention of Rosen & Associates, P.C. as Bankruptcy Counsel *Nunc Pro Tunc* to the Petition Date, a copy of which is annexed to the Application as Exhibit "E;" and the Court having jurisdiction to consider and determine the Application as a core proceeding in accordance with 28 U.S.C. §§ 157 and 1334; and it

---

[1] Capitalized terms used, but not defined herein, shall have the meanings ascribed to them in the Application.

appearing from the certificate of service filed with the Court that due and sufficient notice of the Application and the presentment hereof has been given; and it appearing that Rosen & Associates represents no interest adverse to the Debtor or to its estate in the matters upon which it will be engaged and that Rosen & Associates' employment is necessary and would be in the best interests of the Debtor's estate and that Rosen & Associates is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code; and after due deliberation and sufficient cause appearing to me therefor, it is

ORDERED, that the Debtor be, and hereby is, authorized pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014, to employ Rosen & Associates to represent it, effective as of the Petition Date, as a debtor and debtor in possession on the terms set forth in the Retention Agreement and the Modification, copies of which are attached to the Application as Exhibits "A" and "B," respectively; and it is further

ORDERED, that Rosen & Associates shall be compensated for fees and reimbursed for reasonable and necessary expenses and shall file interim and final fee applications for allowance of its compensation and expenses pursuant to sections 330 and 331 of the Bankruptcy Code and in accordance with the Bankruptcy Rules and Local Bankruptcy Rule 2016-1; and it is further

ORDERED, that prior to any increases in rates, Rosen & Associates shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the United States Trustee, and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtor has consented to the rate increase.  The United States Trustee

retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code; and it is further

ORDERED, that notwithstanding anything to the contrary in the Retention Agreement or the Modification, Rosen & Associates shall apply any remaining amounts of its pre-Petition Date or post-Petition Date retainer as a credit toward post-Petition Date fees and expenses, after such post-Petition Date fees and expenses are approved pursuant to the first order of the Court awarding fees and expenses to Rosen & Associates; and it is further

ORDERED, that to the extent the Application and/or the Retention Agreement or Modification are inconsistent with this Order, the terms of this Order shall govern; and it is further

ORDERED, that the Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated:  New York, New York
      May 3rd , 2016

                                            /s/ STUART M. BERNSTEIN_____
                                            UNITED STATES BANKRUPTCY JUDGE

No Objection:

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

/s/ Susan A. Arbeit
    Susan A. Arbeit,
    Trial Attorney,
    Office of the United States Trustee

3